IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| JOSEPH R. MARSHALL, ) | Cause No. CV 08-60-GF-SEH-RKS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| MONTANA, ) | |
| ) | |
| Respondents. ) | |

_____

On August 20, 2008, Petitioner Joseph R. Marshall moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. On September 15, 2008, he filed a memorandum in support of the petition. Petitioner is a state prisoner proceeding pro se.

**I. Second Petition**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court lacks jurisdiction to consider a second or successive petition under § 2254 where the petitioner has already filed one federal petition that was not dismissed for failure to exhaust state remedies. See 28 U.S.C. § 2244(b)(1), (2), (3)(A); Burton v. Stewart, 549 U.S. 147, ___, 127 S. Ct. 793, 794 (2007) (per curiam) (remanding case adjudicated and appealed on merits to district court for dismissal for lack of jurisdiction); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

On September 18, 2007, Petitioner filed his first petition for a writ of habeas corpus in this Court. He challenged a judgment entered on February 2, 2006, in Montana's Eighth Judicial District Court, Cascade County, for attempted sexual abuse of children and indecent exposure. See Pet. (doc. 1) at 1, ¶ 3, Marshall v. Mahoney, Cause No. CV 07-93-GF-SEH-RKS (D. Mont. Sept. 18, 2007); see also State v. Marshall, 165 P.3d 1129, 1130 ¶ 1 (Mont. 2007). The federal petition was denied on the merits on June 11, 2008. See Order (doc. 9), Marshall, No. CV 07-93-GF (D. Mont. June 11, 2008). Judgment was entered the next day. See Judgment (doc. 10), Marshall, No. CV 07-93-GF (D. Mont. June 12, 2008). Marshall filed a Notice of Appeal on or about August 20, 2008. See Notice of Appeal (doc. 11).

The petition filed in this case challenges the same judgment as the previous petition in Marshall, No. CV 07-93-GF-SEH-RKS. See Pet. (doc. 1) at 1-2. Therefore, Petitioner must obtain leave from the Ninth Circuit Court of Appeals "*[b]efore* a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3). This Court lacks jurisdiction to proceed with this action at this time. See Burton, 127 S. Ct. at 796.

**II. Transfer**

A federal court is authorized to transfer a civil action over which it lacks jurisdiction "to any other such court in which the action . . . could have been brought at the time it was filed," provided that transfer is "in the interest of justice." 28 U.S.C. § 1631. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)). "A motion to transfer is unnecessary

because of the mandatory cast of section 1631's instructions." In re McCauley, 814 F.2d 1350, 1352 (9th Cir. 1987), quoted in Miller, 905 F.2d at 262.

Petitioner could have filed this action in the Ninth Circuit Court of Appeals at the time he filed it here; in fact, he was required by statute to do so. See 28 U.S.C. § 2244(b)(3). The first prong of the statute is met.

Transfer is also in the interest of justice. Petitioner's first petition was based on a misunderstanding of what happened in his direct appeal to the Montana Supreme Court. See Findings and Recommendation at 4-6, Marshall v. Mahoney, No. CV 07-93-GF-SEH-RKS (D. Mont. May 15, 2008). Additionally, the instant, second petition was filed in this Court within the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1)(A); Taylor v. Social Sec. Admin., 842 F.2d 232, 233 (9th Cir. 1988). Because the appeal of this Court's denial of his first petition is pending before the Ninth Circuit Court of Appeals, Petitioner may yet be permitted to amend his first petition to add the claims he now seeks to raise.

The Court concludes that the action should be transferred to the Court of Appeals.

**III. Motion to Proceed In Forma Pauperis**

Because this Court lacks jurisdiction, Petitioner's motion to proceed in forma pauperis should be denied as moot.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The pending motion to proceed in forma pauperis (doc. 2) should be DENIED AS MOOT.

2. The action should be TRANSFERRED to the Ninth Circuit Court of Appeals.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately advise the Court of any change in his mailing address while he has any action pending in this Court.

DATED this <u>1st</u> day of October, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge